IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

William Howard Rutland III, #5131, #0903032 )
a/k/a William H. Rutland, III, )
)
          Plaintiff, )
)
v. )
)
Sargent Sheets, Shift Sargent, B.C.S.O., )
)
          Defendant. )
)

Civil Action No. 8:09-1823

**ORDER**

This matter is before the Court upon the Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff asserts that the Defendant failed to prevent an assault on him by another inmate and failed to provide him with appropriate medical care.

The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, Magistrate Judge Bruce Howe Hendricks recommends that the Court summarily dismiss the Plaintiff's complaint for failure to state a claim.



First, with respect to his claim that the Defendant failed to prevent an assault on him by another inmate, the Magistrate Judge found that the Plaintiff did not allege that the prison personnel were aware of the risk of assault by a fellow prisoner. In addition, the Magistrate Judge noted that the offending inmate was transferred when a guard was told of the incident. Based on these facts, the Magistrate Judge determined that the Plaintiff failed to state a claim with respect to failure to provide protection from assault.

In addition, with respect to the Plaintiff's claim that the Defendant failed to provide him with appropriate medical care, the Magistrate Judge found that the Plaintiff, who had

admitted being seen by a physician and treated with naproxen, failed to state a claim for deliberate indifference to his medical needs.

In his objections, the Plaintiff asserts that the Defendant was aware of the risk of placing the offending inmate into his cell because the offending inmate had been removed for threatening another white man, and the Plaintiff asserts that the Defendant allowed this assault to happen in retribution for a confrontation she had with his ex-girlfriend in 2008. The Plaintiff does not appear to object to the Magistrate Judge's recommendation regarding his failure to state a claim for deliberate indifference to serious medical needs.

Based on the Plaintiff's objections and his accompanying affidavit, it appears that he has at least stated a claim for deliberate indifference to a risk of harm. Therefore, the Court remands this matter to the Magistrate Judge for further proceedings on this claim only. Next, however, because the Court agrees with the Magistrate Judge that the Plaintiff has failed to state a claim for deliberate indifference to serious medical needs, the Court affirms this portion of the R&R and dismisses this claim.

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted in part and denied in part, as outlined in this order, and this matter is remanded to the Magistrate Judge for further proceedings on the Plaintiff's claim for deliberate indifference to a risk of harm.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

November 18, 2009
Charleston, South Carolina

2